STATE OF CONNECTICUT *v.* PERRY M. HAWKINS, JR.

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued December 8, 1971—decided March 22, 1972

*Howard T. Owens, Jr.,* special public defender, for the appellant (defendant).

*Arlen D. Nickowitz,* assistant state's attorney, with whom, on the brief, was *Joseph T. Gormley, Jr.,* state's attorney, for the appellee (state).

SHAPIRO, J. On a trial to the jury the defendant was found guilty of violating the State Narcotic Drug Act when on June 7, 1968, in the city of Stamford, he unlawfully sold heroin to Frank Guzman, an undercover agent for the bureau of narcotics and dangerous drugs, in violation of §§ 8 and 36 (a) of Public Acts 1967, No. 555, now General Statutes §§ 19-452 and 19-480 (a) as amended. On March 14, 1969, the court sentenced the defendant to not

less than seven nor more than ten years in the Connecticut Correctional Institution at Somers. In this appeal from the judgment rendered, the sole issue raised by the defendant is whether the court erred in permitting the state to withhold the name of the informer who was present at the scene of the crime charged.

During cross-examination, defense counsel[1] asked Edward McNulty, a member of the Stamford police department, with whom was Guzman, an agent for the bureau of narcotics and dangerous drugs, at the time of the heroin sale. McNulty replied: "With an informant." Defense counsel asked: "Could I please have the name?" The assistant state's attorney then stated: "Objection, your Honor," to which the court replied: "Sustained." The defendant, on appeal, assigns error in this ruling.

At no time during the trial did counsel for the defendant claim that the above ruling resulted in a denial of any constitutional right of the defendant. See *Kenmike Theatre, Inc.* v. *Moving Pictures Operators*, 139 Conn. 95, 101, 90 A.2d 881. On appeal the defendant makes no claim in his brief of a denial of any constitutional right.[2]

Neither the grounds on which the objection was based nor the grounds on which the question was claimed were stated by counsel as required by Practice Book § 226. If a defendant in such a situation wishes to except to a ruling excluding evidence which was objected to only generally, he must avail him-

[1] We note that at the trial of this case, the defendant was represented by private counsel. Present counsel was appointed as special public defender for the purpose of taking this appeal.

[2] Cases such as *State* v. *Dukes*, 157 Conn. 498, 502, 255 A.2d 614, *State* v. *Wilkas*, 154 Conn. 407, 409, 225 A.2d 821, and *State* v. *Vars*, 154 Conn. 255, 271–72, 224 A.2d 744, decisions affecting claimed constitutional rights, are inapplicable to this appeal.

self of the provisions of the rule and state his claim of admissibility. *Acampora* v. *Ledewitz*, 159 Conn. 377, 381, 269 A.2d 288; *Krattenstein* v. *G. Fox & Co.*, 155 Conn. 609, 612, 236 A.2d 466; *Casalo* v. *Claro*, 147 Conn. 625, 630, 165 A.2d 153. Since the defendant failed to state the ground for his claim of admissibility, the ruling cannot be held to be reversible error. *Krattenstein* v. *G. Fox & Co.*, supra; *Morgillo* v. *Evergreen Cemetery Assn.*, 152 Conn. 169, 176, 205 A.2d 368; *State* v. *Hanna*, 150 Conn. 457, 460, 191 A.2d 124; *State* v. *Smith*, 149 Conn. 487, 490–91, 181 A.2d 446; *State* v. *Whiteside*, 148 Conn. 208, 217, 169 A.2d 260, cert. denied, 368 U.S. 830, 82 S. Ct. 52, 7 L. Ed. 2d 33; *Megin* v. *Carney*, 148 Conn. 130, 134, 167 A.2d 855; *Casalo* v. *Claro*, supra.

"All this is but an obvious application of the fundamental rule of appellate procedure in the review of evidential rulings, whether resulting in the admission or exclusion of evidence, that an appellant has the burden of establishing that there has been an erroneous ruling which was probably harmful to him." *Casalo* v. *Claro*, supra. The record for appellate review must be made in the trial court. *Morgillo* v. *Evergreen Cemetery Assn.*, supra; *Waterford* v. *Connecticut State Board of Education*, 148 Conn. 238, 250, 169 A.2d 891. Nothing in the record before us allows us to conclude that the trial court was adequately apprised of the purpose of the defendant's inquiry. *State* v. *Gelinas*, 160 Conn. 366, 369, 279 A.2d 552. That the ruling occurred during cross-examination does not relieve the defendant from the obligation of giving the court some inkling as to the ground of admissibility claimed. *Casalo* v. *Claro*, supra.

In addition, the record shows that no exception was taken to this ruling on evidence so as to make it

a ground of appeal. Practice Book § 226; see also § 648. This court will not review rulings on evidence where no exception was taken as required by the rule. *Ferreira* v. *Storms,* 159 Conn. 259, 264, 268 A.2d 657; *Budney* v. *Ives,* 156 Conn. 83, 91, 239 A.2d 482; *State* v. *Grimes,* 154 Conn. 314, 323, 228 A.2d 141; *Farlow* v. *Andrews Corporation,* 154 Conn. 220, 226, 224 A.2d 546; *Casalo* v. *Claro,* supra, 629; *Sears* v. *Curtis,* 147 Conn. 311, 313, 160 A.2d 742; *Guerrieri* v. *Merrick,* 145 Conn. 432, 435, 143 A.2d 644; *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 667, 136 A.2d 918; *Delfino* v. *Warners Motor Express,* 142 Conn. 301, 308, 114 A.2d 205; *LaVoie* v. *Marshall,* 141 Conn. 681, 688, 109 A.2d 508; *State* v. *Silver,* 139 Conn. 234, 245, 93 A.2d 154; *State* v. *Lougiotis,* 130 Conn. 372, 375, 34 A.2d 777; *Rohde* v. *Nock,* 101 Conn. 439, 445, 126 A. 335; *Callahan* v. *Jursek,* 100 Conn. 490, 492, 124 A. 31; *State* v. *Perretta,* 93 Conn. 328, 343, 105 A. 690.

During the course of a trial, objections to rulings on evidence are numerous, and often indiscriminately made and summarily disposed of. An exception, being a protest against a ruling of the court, makes clear that the party unfavorably affected by a ruling is not satisfied and does not acquiesce therein. Thus, the trial court is notified of those rulings which are relied on as grounds for appeal and is given an opportunity for second thought and possible correction at that time or at a later stage in the trial. See *Zalewski* v. *Waterbury Mfg. Co.,* 89 Conn. 46, 49, 92 A. 682; *Bycszyfksi* v. *McCarthy Freight System, Inc.,* 9 Conn. Sup. 446, 452; 1 Wigmore, Evidence (3d Ed.) § 20. We, therefore, view with disfavor the failure of counsel to except properly, whether because of a mistake of law, inattention or design, and thereafter, if the outcome of the trial proves unsatis-

factory, to assign such errors as grounds of appeal. "Such methods amount to trial by ambuscade of the judge." See *State* v. *DeGennaro,* 147 Conn. 296, 304, 160 A.2d 480, cert. denied, 364 U.S. 873, 81 S. Ct. 116, 5 L. Ed. 2d 95.

There is no error.

In this opinion the other judges concurred.