STATE OF CONNECTICUT *v.* CLARENCE LOCKMAN

HOUSE, C. J., COTTER, LOISELLE, LONGO and BARBER, Js.

Argued May 7—decision released July 8, 1975

*Barry B. Johnson,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Jerrold H. Barnett,* assistant state's attorney, for the appellee (state).

BARBER, J.  The defendant was found guilty by a jury upon each of three counts charging the crime of sale of a narcotic substance in violation of § 19-480 (a) of the General Statutes.  The defendant filed a motion to set aside the verdict on the grounds that the state did not prove the charges beyond a reasonable doubt, that there were erroneous rulings on motions and evidence, that the charge to the jury was erroneous, and that the defendant was denied his right to a speedy and fair trial because of the delays which occurred between the dates of the alleged offenses and the date of the defendant's arrest.  The court denied the motion and the defendant has appealed from the judgment rendered.

The first count of the information charges a sale of heroin on or about August 25, 1970, the second count with a sale of heroin on or about August 25, 1970, and the third count with a sale of heroin on or about August 27, 1970.  From the evidence the jury could have found the following:  On August 25, 1970, an officer of the New Haven police department, in the course of his undercover duties, went to the neighborhood of Congress Avenue in New Haven for the purpose of purchasing narcotics.  In the morning of that day, the officer purchased a glassine bag from a person near a poolroom in the area.  The bag contained a white powdery substance which was field-tested and the test indicated that the substance was heroin.  Later, on the same day, the officer purchased from the same person two more

glassine bags containing a white powdery substance. A field test indicated the substance in each bag to be heroin. On August 27, 1970, the officer purchased two more glassine bags containing a white powdery substance. Field tests on portions of the contents of these glassine bags indicated that the substance was heroin. The substance purchased at each of the three sales was placed in separate white envelopes, which were introduced as exhibits at the trial. The white envelopes were in the same condition as they were when received from the officer making the purchases with the exception of laboratory markings and were placed in the safe at the regional crime squad headquarters. An analysis performed by the state toxicological laboratory on the substances in the envelopes showed that each glassine envelope contained heroin. The officer who made the purchases had no doubt that the defendant was the person from whom he had purchased narcotics twice on August 25, 1970, and once on August 27, 1970.

### I–A

Prior to trial the defendant moved to dismiss the information on the ground that the delays which occurred between the dates of the alleged offenses and the date of the defendant's arrest constituted violations of the defendant's right to a speedy trial and to due process of law. Subsequent to a denial of this motion without an evidentiary hearing, the court conducted an evidentiary hearing before the presentation of evidence to the jury. After the close of the evidence the motion was again denied.

The following facts appear in the finding which is not subject to material correction: The warrant for the defendant's arrest was issued on November 25, 1970. The defendant was arrested on January

23, 1972. When the warrant was issued the defendant by his own admission was not in this state. When the defendant was in this state he seems to have changed his place of abode to various addresses in the city of New Haven with a great deal of frequency. The court found that the delay in issuing the warrant for the defendant's arrest for approximately three months was a proper adjunct of reasonable police investigation in that the identity of the undercover agent had to be protected and toxicology reports had to be obtained. The court also found that the delays complained of did not prejudice the defendant's ability to present his defense at the trial.

We have had occasion to consider a defendant's right to dismissal of a prosecution because of unreasonable delay in bringing a case to trial when there has been a denial of the right to a speedy trial as guaranteed under the United States constitution, amendment VI, and the Connecticut constitution, article first, § 8, or a denial of due process as guaranteed under the United States constitution, amendment XIV. *State* v. *L'Heureux,* 166 Conn. 312, 318, 348 A.2d 578; *State* v. *Baker,* 164 Conn. 295, 320 A.2d 801; *State* v. *Hodge,* 153 Conn. 564, 219 A.2d 367. In this case the defendant makes no claim that there was an unreasonable delay after his arrest. An unreasonable delay in making an arrest does not of itself deny a defendant any constitutional rights. *State* v. *Baker,* supra, 296. The basic issue here is whether the delay of three months before the warrant was issued and the further delay of fourteen months after the issue of the arrest warrant produced a denial of due process of law. "To establish that a delay has produced a denial of the right to due process of law, the defendant

must provide a specific showing of prejudice. See *United States* v. *Marion,* 404 U.S. 307, 324, 92 S. Ct. 455, 30 L. Ed. 2d 468. Mere allegations of potential prejudice, of dimmed memory or of unavailable but unspecified witnesses, are insufficient." *State* v. *L'Heureux,* supra, 321; compare *Barker* v. *Wingo,* 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101, which holds that on a claim of denial of a speedy trial the conduct of both the prosecution and the defendant are to be weighed. The delay of three months before the warrant was issued was a reasonable incident to proper police procedure. *State* v. *Hodge,* supra, 569. The delay of fourteen months after the issuance of the warrant and before the arrest did not produce a denial of the right to due process of law under the circumstances. A defendant may not avoid prosecution by eluding the police over an extended period of time. See *State* v. *Darwin,* 155 Conn. 124, 135, 230 A.2d 573, rev'd on other grounds, 391 U.S. 346, 88 S. Ct. 1488, 20 L. Ed. 2d 630. Although the defendant claimed to have no specific recollection of his doings on the dates of the offenses, he also admitted that he did not remember what he was doing on several days during the month when the trial took place. There was no showing that possible material witnesses were unavailable, or that any of the persons claimed to be unavailable would have produced exculpatory evidence. The defendant's motion to dismiss was properly denied.

### I–B

During the trial the defendant moved to suppress the identification of the defendant. The claim of the defendant was that the identification process was so impermissibly suggestive as to constitute a denial of due process. An evidentiary hearing

was held in the absence of the jury and the court denied the motion. The finding is not subject to material correction. See Practice Book § 628 (a). It appears from the finding that before trial the police officer had no difficulty in identifying the defendant's photograph from an array of six photographs exhibited to him. When the officer identified the defendant's photograph, he pointed to it, picked it up, and said, "This is Clarence, the one that I copped from on Congress and Poppy's Poolroom." The court concluded that it was unlikely that the photographic identification was as significant as the officer's prior views of the defendant on the street and the officer's subsequent identification of the defendant when he was arrested. This conclusion is tested by the finding and must stand if it is logically and lawfully supported by the facts found. *State* v. *L'Heureux,* supra, 317. The subordinate facts found support this conclusion. The finding contains no reference to the in-court identification of the defendant nor does it show that an objection was made to such evidence. There is no merit to the defendant's claim that the identification procedure was so impermissibly suggestive as to constitute a denial of due process. See *Neil* v. *Biggers,* 409 U.S. 188, 198, 199, 93 S. Ct. 375, 34 L. Ed. 2d 401; *State* v. *Hafner,* 168 Conn. 230, 237, 362 A.2d 925; *State* v. *Smith,* 165 Conn. 680, 686, 345 A.2d 41.

## II

The defendant has assigned as error two rulings on evidence. One has not been briefed and is considered abandoned. *State* v. *Saia,* 167 Conn. 286, 291, 355 A.2d 88; *State* v. *Grayton,* 163 Conn. 104, 109, 302 A.2d 246, cert. denied, 409 U.S. 1045, 93 S. Ct. 542, 34 L. Ed. 2d 495. The other rul-

ing pertains to the introduction as exhibits of three white envelopes in each of which was one or more glassine bags containing a white powdery substance. The defendant claims that the chain of custody was not specifically established. Particularly, the defendant claims that the identity of all persons who had access to the exhibits when they were locked in the cabinet at the state laboratory and in the safe of the regional crime squad headquarters was not proved. He also suggests that because of a mistake in marking the exhibits, they were tampered with. The record does not show that an exception was taken, as required by our rules, to the ruling of the court admitting the exhibits. Practice Book § 226; see also § 648. Generally, in the absence of such exception this court will not review rulings on evidence. *State* v. *Hawkins,* 162 Conn. 514, 517, 294 A.2d 584, cert. denied, 409 U.S. 984, 93 S. Ct. 332, 34 L. Ed. 2d 249. We have examined the record and conclude that the court was not in error in allowing the introduction of the exhibits in evidence. "There is no hard and fast rule that the prosecution must exclude or disprove all possibility that the article or substance has been tampered with; in each case the trial court must satisfy itself in reasonable probability that the substance had not been changed in important respects." *State* v. *Johnson,* 162 Conn. 215, 232, 292 A.2d 903. The ruling of the trial judge may not be overturned except for a clear abuse of discretion. *State* v. *Brown,* 163 Conn. 52, 57, 301 A.2d 547. This basic law relating to proof of chain of custody in drug cases recently has been followed in *State* v. *Jones,* 167 Conn. 228, 237, 355 A.2d 95; *State* v. *Johnson,* 166 Conn. 439, 443, 352 A.2d 294; *State* v. *Hall,* 165 Conn. 599, 605, 345 A.2d 17.

## III

The defendant has assigned error in that portion of the charge to the jury concerning delays which occurred in the case.[1] The defendant excepted on the ground that it was an incorrect statement of the law and infringed on the jury's power to find reasonable doubt on the evidence. The law as included in the charge was obviously taken from the decision in *United States* v. *Marion,* 404 U.S. 307, 321–22, 92 S. Ct. 455, 30 L. Ed. 2d 468. The court's instructions to which the defendant excepted must be taken in the context of the entire charge. *State* v. *Mullings,* 166 Conn. 268, 274, 348 A.2d 645; *State* v. *Beaulieu,* 164 Conn. 620, 632, 325 A.2d 263; *State* v. *Guthridge,* 164 Conn. 145, 154, 318 A.2d 87. The instructions fairly presented the case to the jury, particularly in view of the arguments made to the jury in summation. See *State* v. *Cari,* 163 Conn. 174, 182, 303 A.2d 7; *State* v. *Alterio,* 154 Conn. 23, 27, 220 A.2d 451. The instructions which the court gave concerning delays which had occurred in the case were not erroneous.

---

[1] "Now, Mr. Johnson [counsel for the defendant], in his summation, made reference to the long delay between the day of the alleged offenses and the date of the arrest of Lockman on January 23, 1972, a lapse of about seventeen months. Now, under our law, passage of time, whether before or after an arrest, may impair memories, cause evidence to be lost, deprive a person accused of witnesses and otherwise interfere with his ability to defend himself. But the possibility of prejudice at trial is not itself sufficient reason to acquit a person accused of having committed a crime. Possible prejudice is inherent in any delay, however short. It may react to the benefit of the accused or to his prejudice, and likewise, it may enhance or weaken the State's case. In the absence of actual prejudice shown by the passage of time, the law has not made the possibility of prejudice a defense or an excuse for a commission of a crime."

The defendant has also assigned error in other portions of the charge, but it does not appear that the defendant took proper exception to these other portions of the charge and we do not consider them. Practice Book § 249; *State* v. *Magoon,* 156 Conn. 328, 335, 240 A.2d 853. "The purpose of the rule is to alert the court to any claims of error while there is still an opportunity for correction." *Douglass* v. *95 Pearl Street Corporation,* 157 Conn. 73, 85, 245 A.2d 129.

## IV

The defendant has assigned error in the denial of his motion to set aside the verdict. The defendant's motion was based on both insufficiency of evidence and on other grounds. A claim of insufficiency of evidence is tested by the evidence printed in the appendices to the briefs. Practice Book § 718. When, however, a motion is based on rulings or on something which occurred during the course of the trial, a finding is necessary. Practice Book § 609; *Wooster* v. *Wm. C. A. Fischer Plumbing & Heating Co.,* 153 Conn. 700, 703, 220 A.2d 449.[2] The matters properly covered in the finding have been considered and passed upon. The issue of insufficiency of evidence has not been briefed and is considered abandoned. *State* v. *Saia,* supra; *State* v. *Grayton,* supra.

There is no error.

In this opinion the other judges concurred.

---

[2] The new rules contained in Practice Book §§ 629A to 634A, inclusive, relating to briefs and findings in jury cases, do not apply to this appeal. Practice Book § 635A.