STATE OF CONNECTICUT *v.* CHARLIE SIEMON

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued October 15—decision released November 23, 1976

*Hubert J. Santos,* with whom, on the brief, was *F. Mac Buckley,* for the appellant (defendant).

*Robert M. Meyers,* assistant state's attorney, with whom, on the brief, was *George D. Stoughton,* state's attorney, for the appellee (state).

PER CURIAM. On a trial to a jury, the defendant was found guilty of deviate sexual intercourse in the first degree and brought the present appeal

from the judgment rendered on the verdict. The sole claim pursued on the appeal is that the trial court erred in overruling the defendant's objections to several questions asked of him on cross-examination. The inquiries were addressed to the circumstances of the conduct of the defendant in appearing in front of the home of the victim of the assault two weeks after the incident which gave rise to the charges against him. The questions concerned a matter about which the defendant had testified on direct examination.

It is unnecessary to discuss in detail the specific questions asked during this portion of the cross-examination and the rulings of the court, permitting some and excluding others. It suffices to note that as to the specific rulings of the court which the defendant claims were erroneous, no exceptions were taken. "An exception to the ruling must be taken in order to make it a ground of appeal." Practice Book § 226. "This court will not review rulings on evidence where no exception was taken as required by the rule." *State* v. *Hawkins,* 162 Conn. 514, 517, 294 A.2d 584, cert. denied, 409 U.S. 984, 93 S. Ct. 332, 34 L. Ed. 2d 249. As we noted in the *Hawkins* case (pp. 517–18), after citing some of the many cases following the rule: "During the course of a trial, objections to rulings on evidence are numerous, and often indiscriminately made and summarily disposed of. An exception, being a protest against a ruling of the court, makes clear that the party unfavorably affected by a ruling is not satisfied and does not acquiesce therein. Thus, the trial court is notified of those rulings which are relied on as grounds for appeal and is given an opportunity for second thought and possible correction at that time or at a later stage in

the trial. . . . We, therefore, view with disfavor the failure of counsel to except properly, whether because of a mistake of law, inattention or design, and thereafter, if the outcome of the trial proves unsatisfactory, to assign such errors as grounds of appeal. 'Such methods amount to trial by ambuscade of the judge.' See *State* v. *DeGennaro*, 147 Conn. 296, 304, 160 A.2d 480, cert. denied, 364 U.S. 873, 81 S. Ct. 116, 5 L. Ed. 2d 95."

There is no error.