STANLEY V. TUCKER *v.* ELIZABETH ANN BITONTI ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 281

Argued January 18—decided March 25, 1977

*Stanley V. Tucker,* pro se, the appellant (plaintiff).

*Edmund T. Grady, Jr.,* for the appellees (defendants Alexander N. Chapman and Chapman-Lorinser Safety Engineers).

*Maurice T. FitzMaurice,* for the appellees (defendants Harold Bochino and Levin & Hultgren).

DAVID M. SHEA, J. This case is a sequel to a personal injury suit in which the named defendant[1] recovered a judgment against the plaintiff as a result of a fall which she sustained on premises owned by the plaintiff on South Whitney Street in Hartford. The first count of the substitute complaint in the present action alleged the breach of an agreement to settle the personal injury case for a sum substantially less than the judgment ultimately rendered. The jury returned a verdict for the defendants on that count. The second count alleged that, in furtherance of a secret agreement or conspiracy among all the defendants, some of them entered a building owned by the plaintiff and took various measurements and photographs on or about

---

[1] A plea in abatement for lack of personal jurisdiction over the named defendant was sustained by the trial court. No appeal has been taken from that judgment.

July 30, 1968; that the measurements and photographs were used fraudulently and illegally to secure a judgment against the plaintiff in the personal injury action on or about June 24, 1970; that those acts violated the right of the plaintiff to be free from unreasonable searches and seizures; and that the plaintiff suffered resulting damages in 1970, 1971, 1972 and 1973. The present action was commenced on September 11, 1972, by service upon one of the defendants. The trial court directed a verdict for the defendants on the second count on the grounds of insufficient evidence and the statute of limitations. In his appeal the plaintiff claims error in the direction of the verdict upon the second count, in allowing the defendants to amend their answers by pleading the statute of limitations, and in the improper cross-examination carried on by counsel for the defendants.

The briefs of the parties indicate that the following facts are undisputed: The defendant Chapman, a safety engineer, was engaged by the several defendants who were acting as attorneys for the named defendant to make an inspection of the stairway in the plaintiff's building where the named defendant had fallen. The building contained several apartments and the stairway was located in a common hallway. On July 30, 1968, the defendant Chapman met the named defendant, who claimed to be a guest of a tenant, at the building, and he entered the common hallway through the unlocked front door. Without the knowledge or consent of the plaintiff, he took measurements and photographs of the areas involved. In the trial of the personal injury suit in June, 1970, he testified about his inspection of the premises and the photographs were used.

It is clear that, to the extent that the second count alleged a trespass upon the property of the plaintiff

by virtue of the actions of the defendants which took place on July 30, 1968, the action was barred by the applicable statute of limitations. General Statutes § 52-577.[2] More than three years had elapsed from the "date of the act or omission complained of" before suit was instituted. "The date of the act or omission complained of is the date when the . . . conduct of the defendant occurs and is not the date when the plaintiff first sustains damage." *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170, 173. The claim that the plaintiff continued to suffer damages in later years and, therefore, is not affected by the statutory bar avails him naught. *Prokolkin* v. *General Motors Corporation,* 170 Conn. 289, 297. In no way could the actions of the defendants relied upon in support of this trespass claim be regarded as a "continuing course of conduct" which would toll the statute until its completion. *Handler* v. *Remington Arms Co.,* 144 Conn. 316, 321.

If the testimony of the defendant Chapman and the use of the photographs at the trial of the personal injury suit in June, 1970, were the acts constituting the gravamen of the cause of action in the second count, § 52-577 would pose no bar since this suit was begun within three years after that date. The plaintiff claims that the disclosure at the trial of this information, claimed to have been obtained unlawfully, constituted an invasion of his privacy from which he sustained damage.

Whether or not the defendant Chapman may have been a trespasser, his disclosure on the witness stand of conditions he observed in the common hallway of the plaintiff's apartment house would not constitute a violation of any right of privacy which has heretofore been afforded judicial recognition.

[2] "[General Statutes] Sec. 52-577. ACTION FOUNDED UPON A TORT. No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

"The facts disclosed to the public must be private facts, and not public ones." Prosser, Torts (4th Ed.) § 117, p. 810. There was nothing private or personal to the plaintiff in the condition of the hallway which was in plain view of anyone who had occasion to enter the building.

The named defendant had a legitimate interest in utilizing the results of the inspection made of the place of her fall in pursuing her claim against the plaintiff. That use of information which might otherwise be deemed private could never amount to the unreasonable and serious interference with another person's interest in being "let alone" which is necessary for an invasion of privacy. See *Korn* v. *Rennison,* 21 Conn. Sup. 400, 403; Restatement, 4 Torts § 867. "When the course of justice requires the investigation of the truth, no man has any knowledge that is rightly private." 8 Wigmore, Evidence (3d Ed.) § 2192, p. 66.

It is clear too that the absolute privilege which protects witnesses, parties and attorneys from liability for defamation occurring in the conduct of a judicial proceeding would apply also to an infraction of the right of privacy in the course of such a proceeding. Prosser, op. cit. § 114, p. 778, § 117, p. 818. Because the plaintiff's claim of an invasion of privacy is related wholly to the disclosure during a trial of facts pertinent to the litigation, the direction of a verdict upon that claim by the trial court was proper.

The claim that the court abused its discretion in permitting the defendants to amend their answers by pleading the statute of limitations is unsound. It appears that the motions of the defendants to amend by raising this special defense were denied on the first day of the trial but were granted on the last day. During the trial the plaintiff was per-

mitted to file a substitute complaint which contained allegations of continuing damages from 1970 to 1973, presumably in anticipation of the defense of the statute of limitations. It does not appear that the plaintiff was unfairly prejudiced or surprised by the allowance of the amendment on the last day. He sought no continuance for the purpose of presenting additional evidence pertinent to that issue. We find no abuse of the wide latitude of discretion vested in the court in respect to allowing amendments. *State ex rel. Scala* v. *Airport Commission,* 154 Conn. 168, 178.

The cross-examination upon which the final claim of error is founded referred to other unrelated litigation in which the plaintiff was a party. The purpose of that cross-examination was to contradict the plaintiff's claim that he would have been able to effectuate the settlement agreement alleged in the first count of the complaint. The plaintiff, acting as his own counsel while he testified, voiced some general objections to the "whole line" of such questions but in most instances proceeded to answer before a ruling could be made. The only ruling the court seems to have made was that litigation bearing upon the financial ability of the plaintiff while the settlement agreement remained in force was a proper subject of inquiry. No exceptions were taken to any rulings as required by Practice Book § 226. "This court will not review rulings on evidence where no exception was taken as required by the rule." *State* v. *Hawkins,* 162 Conn. 514, 517.

There is no error.

In this opinion PARSKEY and SPONZO, Js., concurred.