STATE OF CONNECTICUT *v.* WILLIAM COOK

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued October 7—decision released December 20, 1977

*David N. Rosen,* for the appellant (defendant).

*Robert E. Beach, Jr.,* assistant state's attorney, with whom, on the brief, was *Robert L. Hurney,* state's attorney, for the appellee (state).

LOISELLE, J. After a jury trial the defendant was found guilty of arson in the second degree in violation of General Statutes § 53a-112 (a), subsections (1) (A) and (2). He has appealed from the judgment rendered by the court.

Although there are three issues presented by the appeal, only one need be discussed for the disposition of the case.

In the early morning of June 25, 1973, a vacant beach cottage on Shore Road in Clinton was totally burned by a fire which, in the opinion of the chief of the Clinton fire department, was caused by arson. Two witnesses testified that the defendant was in a trailer about two miles from the scene of the fire on the night in question and that he left the trailer with Ronald Fontanello about midnight and returned about 12:30 or 1 a.m. One witness testified that, on their return, the defendant said that he and Fontanello had set fire to a house near "Granny Flannigan's" house, which was located about 200 yards from the house that was destroyed by fire. Another witness testified that the defendant said he had set a cottage on fire and that he had told the others not to say anything. The defendant claimed an alibi and denied that he had anything to do with the fire.

The defendant claims that the court erred in permitting cross-examination concerning his failure after the arrest to inform the police of his alibi. On direct examination the defendant denied making

the incriminating statements attributed to him and said that when he and Fontanello left the trailer that night they went to a drive-in movie where they met two girls they knew. On cross-examination the state's attorney asked the defendant why he had not furnished the state with his alibi at the time of his arrest or thereafter. There was an objection and it was overruled.[1] The state then continued to question the defendant in this regard.

Although timely objection was made, no exception was taken to the ruling. Generally, in the absence of an exception, rulings on evidence will not be reviewed. Practice Book § 226; *State* v. *Lockman,* 169 Conn. 116, 122, 362 A.2d 920; *State* v. *Hawkins,* 162 Conn. 514, 517, 294 A.2d 584, cert. denied, 409 U.S. 984, 93 S. Ct. 332, 34 L. Ed. 2d 249; *State* v. *Grimes,* 154 Conn. 314, 323, 228 A.2d 141. Where, however, it is shown that certain exceptional circumstances exist, the court will consider the claimed error. The record supports a claim that the defendant was deprived of a fundamental constitutional right, the right to remain silent while in custody,

---

[1] "Q. Back when it was fresh in your memory and you were interviewed by the police, why didn't you furnish them this alibi information so they could check it out and prove your innocence?

A. I never thought it would be of much importance.

Q. Well, you were arrested, sir. Don't you think if you would have told them that you were with those girls, they would like to know that and check it out and where you were and what you were doing? You didn't think that was important?

A. No.

Q. I will tell you why—because you weren't with them.

A. Yes, I was.

Q. And you could have furnished Sergeant [Richard] Kateley with a lot of information, if you believed all this, that he could have checked up. He would have looked into it to see if you could be eliminated from suspicion, couldn't he?

MR. WHITE: Object to that. I have never seen anybody after they have been arrested, eliminated from suspicion. I object."

and under these circumstances the claimed error will be reviewed. *State* v. *Rice,* 172 Conn. 94, 101, 374 A.2d 128; *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576.

When a statement, accusatory in nature, made in the presence and hearing of an accused, is not denied or explained by him, it may be received into evidence as an admission on his part. *State* v. *Yochelman,* 107 Conn. 148, 152, 139 A. 632; 3 Wharton, Criminal Evidence (13th Ed.) § 700. Where, however, the accused is in custody, "our law accords him the right to reply to question or statement, or to remain silent. His silence under such circumstances cannot be laid in evidence against him." *State* v. *Ferrone,* 97 Conn. 258, 266, 116 A. 336; 3 Wharton, op. cit. § 703. Further, even if the accused is out on bond he is still considered "in custody" within the rule. *State* v. *Bates,* 140 Conn. 326, 330, 99 A.2d 133. This is also the federal rule, as established by the Supreme Court in its supervisory capacity in *United States* v. *Hale,* 422 U.S. 171, 95 S. Ct. 2133, 45 L. Ed. 2d 99. More recently the United States Supreme Court in *Doyle* v. *Ohio,* 426 U.S. 610, 96 S. Ct. 2240, 49 L. Ed. 2d 91, unequivocally held that the use, for impeachment purposes, of an accused's silence at the time of his arrest, after he has received *Miranda* warnings, violates the due process clause of the fourteenth amendment. While the record in the present case does not disclose at what point the *Miranda* warnings were given to the defendant, if at all, such a disclosure is not necessary for a determination of those rights of the defendant in question. The United States Supreme Court made it clear in *Miranda* v. *Arizona,* 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694, that an accused, when taken

into custody, has the constitutional right to remain silent and to refrain from making either exculpatory or inculpatory statements, and that the constitutional requirement is satisfied only when the person is guaranteed the right " 'to remain silent unless he chooses to speak in the unfettered exercise of his own will.' " Id., 460. One need not be advised of a right in order to exercise it. As was stated in *United States* v. *Flecha*, 539 F.2d 874, 877 (2d Cir.), "it is clear that many arrested persons know, without benefit of warnings, that silence is usually golden."

It may well be that without this evidence the defendant could still be found guilty by a jury, but the evidence of silence at the time of arrest "has a significant potential for prejudice." *United States* v. *Hale*, supra, 180. It cannot be held that the error was harmless beyond a reasonable doubt. Cf. *United States* v. *Flecha*, supra, 878.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.