STATE OF CONNECTICUT *v.* WALTER ROGERS

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued February 6—decision released April 24, 1979

*David M. Abbamonte,* special public defender, for the appellant (defendant).

*Eugene J. Callahan,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

Loiselle, J. The defendant was found guilty by a jury of robbery in the first degree, in violation of General Statutes § 53a-134 (a) (2). He has appealed from the judgment on the verdict, claiming that the court erred in giving the charge it did because the evidence was insufficient to warrant it. A collateral issue briefed is whether the claimed error can be raised in an appeal when no exception was taken by the defendant to the charge.

Both briefs recite the same facts to be considered which are in their entirety as follows: On October 31, 1974, at approximately 11:30 a.m., the proprietor of a grocery store, John Louis, was robbed at gunpoint by three men. That same afternoon a vehicle containing the defendant and two other males was stopped by the police and a gun was found under the front seat. The gun was subsequently marked for identification at trial and later made a full exhibit.

General Statutes § 53a-134 (a) (2) at the time of the trial read in part as follows: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . (2) is armed with a deadly weapon or dangerous instrument."[1] There is no indication that anything other than a gun was used in the holdup. General Statutes § 53a-3 (6) states that a "'deadly weapon' means any weapon, whether loaded or unloaded, from which a shot may be discharged." The defendant's brief states unequivo-

[1] Public Acts 1975, No. 75-411, § 1, amended this statute in 1975.

cally that "[a]t no time during the trial did the state introduce any evidence showing the gun was capable of discharging a shot." By failing to rebut this statement the state implicitly acquiesces in it, but claims that the jury could have determined whether the gun was operable because it was an exhibit and was in the jury room during the deliberations.

The defendant claims error in the court's charging on the statute in that there was no evidence to support that part of the charge relating to a deadly weapon. No exception was taken at the close of the charge and the state argues that the claim cannot be reviewed because of the failure to follow the provisions of Practice Book, 1978, § 315. *State* v. *Lockman,* 169 Conn. 116, 124, 362 A.2d 920, cert. denied, 423 U.S. 991, 96 S. Ct. 403, 46 L. Ed. 2d 309 (1975); *State* v. *Magoon,* 156 Conn. 328, 335, 240 A.2d 853 (1968). In *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), it was stated that only in the most exceptional circumstances will this court consider a claim, constitutional or otherwise, that was not raised and decided in the trial court. One of the circumstances is when the record adequately supports a claim that a party has clearly been deprived of a fundamental constitutional right and a fair trial. If a person is convicted of a crime in which it is demonstrated that there was no evidence presented to establish the finding of a necessary element of the crime charged, that person was deprived of a fair trial. *Patterson* v. *New York,* 432 U.S. 197, 97 S. Ct. 2319, 53 L. Ed. 2d 281 (1977); *Mullaney* v. *Wilbur,* 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975); *In re Winship,* 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Since this is the case here, the defendant's claim of error is considered.

"It is the duty of the court to submit to the jury all controverted questions of fact relating to any element making up a crime; but if an element making up the crime, as laid down by a statute, is wholly unsupported by the evidence, it is error to submit it to the jury as if the evidence justified the determination of the presence of that element. See *Lewis* v. *Phoenix Mutual Life Ins. Co.*, 44 Conn. 72, 88. See also *Cackowski* v. *Jack A. Halprin, Inc.*, 132 Conn. 67, 71–72, 42 A.2d 838; *Kilday* v. *Voltz*, 117 Conn. 170, 173, 166 A. 754; 5 Wharton, Criminal Law & Procedure (Anderson Ed.) § 2090, p. 259." *State* v. *Rose*, 169 Conn. 683, 687, 363 A.2d 1077 (1975). In the present case, the gun was in evidence but no testimony was offered by the state to establish that a shot could be discharged from the gun as required by the statute. The state claims that the examination of the gun by the jury could establish this element of the crime. This argument is not persuasive as there is nothing in the record or briefs that would indicate on what information such an inference could be made. The cases cited by the state do not support its claim. *State* v. *Thompson*, 164 Mont. 415, 524 P.2d 1115 (1974), did not deal with the issue presented here. In that case the defendant's contention was that the jury conducted an improper experiment during its deliberations with a gun admitted into evidence. The court held that the jury had the privilege of determining the truthfulness of the defendant's statement, provided they used the gun in the same manner as involved in the testimony, and provided they discovered no new facts from their experiment harmful to the defendant. In *Allen* v. *State*, 146 S.W.2d 384, 386 (Tex. 1940), where the factual situation was similar to that in *Thompson*, it was held that the jury could

examine a revolver provided they did not use it in any manner different from that involved in the testimony and that no new facts were discovered from their experiment which would be harmful to the defendant. In *Hoover* v. *State*, 298 S.W. 438 (Tex. 1927), the court held that the jury, while deliberating, could use a pistol that had been introduced into evidence in acting out the details of the shooting, so long as there was nothing to show that new facts were introduced in the attempted re-creation of the murder scene. The other cases cited by the state do not involve weapons and the principles enunciated are not helpful to the state's position.

Besides establishing that a deadly weapon was used in the robbery, the state had to establish that a shot could be discharged from it. The gun as an exhibit went to proving that a deadly weapon was used in the robbery; but the gun by itself with no proof of its operability was not sufficient to establish that a shot could be discharged from it.

It must be noted that in the record of the present appeal the issue intended for presentation as required by Practice Book, 1978, § 3012 was not that which was briefed and argued by both parties. It appears that the state was not prejudiced by this change and it is not mentioned in either brief. The fact that this court saw fit to consider the issues briefed is not, however, to be construed as an acquiescence in this practice by counsel. See *Bridgeport* v. *Bridgeport Hydraulic Co.*, 81 Conn. 84, 89, 70 A. 650 (1908).

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.