[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by an employer pursuant to Conn. Gen. Stat.31-249b from a decision of the Department of Labor, Employment Security Appeals Division, Board of Review which granted unemployment benefits to claimant Luigi Rianna.
This case arises from the employer's termination of claimant's employment on January 31, 1990, after he was observed removing 336 scrap lighters from employer's factory, which he had concealed in toilet paper and paper towels and placed in his automobile. The employer claims that the claimant is ineligible for Connecticut unemployment compensation benefits because he was discharged for conduct constituting larceny of property whose value exceeds fifty dollars or discharged for just cause because his conduct resulted in real and immediate endangerment to the public. Conn. Gen. Stat.31-236(a)(2)(B) and Reg. Sec. 31-236-38(2). After the Administrator, Unemployment Compensation Act, ruled the claimant eligible for unemployment benefits, the employer appealed the Administrator's decision. The Appeals Referee affirmed the Administrator's ruling after a hearing. The employer then appealed the Referee's decision to the Board of Review, which affirmed the decision of the Referee and dismissed the employer's appeal, from which the employer appealed to this court. Thereafter, the employer made a Motion to Correct the Findings of the Board of Review, which was denied by the Board of Review and the employer amended his Petition herein to include that decision.
In essence, the Board of Review agreed with the Referee's finding that the conduct underlying the discharge did not constitute a "larceny of property whose value exceeds fifty dollars." The Board found that claimant's conduct did constitute a violation of the employer's rule prohibiting removal of scrap without permission, but that it did not involve a larcenous intent. The Board also upheld the Referee's finding that the value of the scrap lighters was less than fifty dollars. See Decision of Board of Review, dated January 4, 1991, Record #15.
In its Decision on Employer's Motion to Correct Findings, the Board of Review refused to reverse its findings summarized above and also denied the employer's claim that the conduct constituted just cause for dismissal on the grounds that this issue was not CT Page 6043 raised previously. Even so, the Board indicated that if that argument had been properly before it and heard at the appropriate stage in the proceedings, it would have been denied because the employer failed to prove that the conduct created a real and immediate endangerment to the physical well-being of the general public. Decision re: Motion to Correct Findings dated August 28, 1991, Additional Record #5.
"[A]dministrative appeals brought under General Statutes 31-249b, insofar as they relate to factual findings, are limited to a review of the record certified and filed by the board of review. The scope of such judicial review is in turn limited to the question whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. Burnham v. Administrator, 184 Conn. 317, 321-322 (1981); Robinson v. Unemployment Security Board of Review, 181 Conn. 1, 5 (1980)." Fellin v. Administrator, 196 Conn. 440, 444-445 (1985).
First, Petitioner claims that the court should overturn the Board's conclusions as to the alleged larceny of the lighters since "they resulted from an incorrect application of the law to the facts found or could not reasonably and logically follow from such facts." Finkenstein v. Administrator, 192 Conn. 104, 112-113
(1984). The employer argues that the Board's finding that the claimant's action in removing the lighters was more in the nature of a rule violation than a larceny was an incorrect legal interpretation by the Board of the statutory definition of larceny. Conn. Gen. Stat. 53a-119 states that "a person commits a larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner."
The issue of the specific intent required to commit an offense is always a question of fact, and, absent an admission, is usually determined by inference. The Board found that the claimant knew he was violating the employer's rule against removing scrap without permission, but that he did not have a criminal intent to deprive the employer of its property. This conclusion is neither unreasonable, arbitrary nor an abuse of discretion and is consistent with the underlying facts found by the Board. The Board correctly interpreted the statutory definition of larceny to include the element of criminal intent and then found no such intent. This court cannot disturb that finding of fact.
Similarly, the conclusion drawn by the Board that the scrap lighters had negligible value is a factual conclusion, not a legal error. The Board was correct in concluding that because these lighters were intended for destruction, they had neither a market nor a replacement value; they were an item of expense, not an asset. The Board's conclusion that the value of the scrap lighters CT Page 6044 could not be satisfactorily ascertained by applying either a market value or a replacement cost standard, such that the value of the property is deemed to be an amount less than fifty dollars, was a permissible application of Conn. Gen. Stat. 53a-121.
The employer next argues that because the claimant was arrested for larceny in the fifth degree, which means larceny of property with a value exceeding two hundred fifty dollars, and because he did not contest those charges but rather applied for accelerated rehabilitation, his failure to contest the charges should be "strong probative evidence of both the larceny and the value of the property stolen." Petitioner's Brief, p. 17. This argument has absolutely no merit. Evidence of an arrest or evidence of application for accelerated rehabilitation is not even admissible in a civil proceeding, let alone probative. Unless and until convicted, an accused is presumed to be innocent and silence in the face of criminal charges cannot be used against the accused. See State v. Bates, 140 Conn. 326 (1953) and State v. Cook,174 Conn. 73 (1977). The Board was legally and factually correct in refusing to draw any inference or give any weight to this improper argument.
Finally, the employer argues that the claimant's dismissal was for just cause because his act of taking the scrap lighters to distribute them to other members of the public resulted in "real and immediate endangerment to the physical well-being of . . . the general public by knowing violation of his employer's workplace safety rule or any customary standard of behavior." Conn. Reg. Sec. 31-236-38(2). This argument was first articulated in the employer's Motion to Correct the Findings and was denied by the Board on the grounds it had not been adequately raised below. The evidence was that the lighters were rejected and unlabeled. There was insufficient evidence to find that the defects were for safety reasons as opposed to cosmetic. The Board concluded that since the lighters were never distributed, any endangerment was theoretical, not real and immediate, as required to find just case. See Decision of Board of Review on Employer's Motion to Correct Findings, para. 5 (8-28-91). Under these circumstances, this court is not required to address the merits of petitioner's claim. See Finkenstein v. Administrator, 192 Conn. 104, 112-114 (1984). Even if this court deems that the matter was properly raised by the Motion to Correct Findings, the Board's supplemental finding that the critical element of immediacy of endangerment was lacking is a conclusion of fact, not law. Based upon the evidence before the Board, that conclusion is not unreasonable, arbitrary or illegal.
Accordingly, the appeal is dismissed.
SO ORDERED, CT Page 6045
Sequino, J.