[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs brought this action for a temporary injunction to continue to have the right to use a portion of land known as "the strip" or the "unnamed road" which is a parcel of land 25 feet wide and 90 feet long abutting the southern boundary of the property of the defendants, Joseph J. Orzel and Helen J. Orzel. The strip runs between an unpaved road known as "the Alley" and Hartford Avenue.
 Facts
The parties have stipulated that the facts that follow may be accepted by the court.
1. The plaintiffs Vincent Grillo and Marie Grillo have continuously owned fee simple title to real estate known as 81 Swan Avenue, Old Lyme, Connecticut, since they purchased the property on January 4, 1988 from Mary Giarrantana. CT Page 7280
2. Mary Giarrantana purchased 81 Swan Avenue from Nica Montano on May 26, 1947, and owned the property continuously until selling it to the Grillos.
3. The plaintiffs Columbo Vecchitto and Joseph Vecchitto, Sr. have continuously owned fee simple title to real estate known as 80-82 Hartford Avenue, Old Lyme, Connecticut since they took title to the property on June 21, 1963. The Vecchittos have operated a business known as Vecchitto's Italian Ice at that location continuously (seasonally) since that date.
4. The defendants Joseph I. and helen J. Orzel have continuously owned fee simple title to real estate known as 84 Hartford Avenue, Old Lyme, Connecticut, since they purchased the property on August 14, 1981.
5. The backs of the plaintiffs' properties and the back of the defendants' property each abut an unpaved road commonly known as the "Alley" (hereinafter "the Alley"). The Town of Old Lyme (hereinafter "Old Lyme") by warranty deed purchased the Alley from Nunziio Corsino on May 31, 1961 (see Plaintiff's Trial Exhibit 1 (map)).
6. The plaintiff Vecchittos' property and the defendants' property abut (side by side) on Hartford Avenue.
7. An unpaved road (hereinafter "the Strip") runs from the Alley alongside the defendants' southern property line on Hartford Avenue. The defendants purchased the Unnamed Road on August 23, 1991 (see Plaintiff's Trial Exhibit 1).
8. Several years ago after purchasing the Strip, the defendants granted permission to the plaintiff Vecchitto to use the Strip for vehicular access to the Alley.
9. In the winter of 1999-2000, the defendants caused to be erected a fence along their rear property line and across the Strip (at its intersection with the Alley), which fence has prevented the plaintiffs from utilizing the Unnamed Road as aforesaid.
10. By letter dated July 5, 2000, the Grillo plaintiffs made a formal request of the defendants to remove that portion of the fence which blocks the Grillos' access to the Strip.
11. To date, the defendants have not removed that portion of the fence as aforesaid, and said fence continues to block the Strip.
 Discussion
CT Page 7281
Under C.G.S. § 47-37, "No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years."
The plaintiffs claim that they have established a prescriptive easement over the Strip because of their continued use thereof. The Vecchittos used the road continuously for fifty years. The Grillos used it continuously for over thirteen years until the Orzels put up a fence in the winter of 1999-2000. Grillo's predecessor in title, Giarrantana, also used the Strip for many years before she sold the property to the Grillos. All the plaintiffs claim that a prescriptive easement is established when the easement is of prime importance, the servient landowner accepted the use without question and the dominant landowner reasonably relied upon the use of such an easement. Deregibus v.Silberman Furniture Co., 124 Conn. 39, 41 (1938). In that case, the plaintiff brought an action for an injunction to restrain the defendant from blocking a passageway on its property. The court allowed tacking because the easement was the only means of ingress and egress from the plaintiff's garage and the street.
In the instant case, both the Grillos and the Vecchittos have access to the city streets. Grillos' property is on a city street and the Vecchittos could access the street if they asked the Town of Old Lyme to clear the alley way to allow vehicular traffic. Thus, neither plaintiff will suffer a hardship as did the plaintiff in Deregibus. Accordingly, there can be no tacking in the instant case.
The plaintiffs next claim that the use has been adverse. To prove adverse use, the party claiming to have acquired the prescriptive easement must demonstrate that the use of the property has been open, visible, continuous and uninterrupted for fifteen years. Roman v.Johnson, 48 Conn. App. 498, 502 (1998). The plaintiffs did use the property for over fifteen years along with the general public.
The court finds that the use was both vehicular and pedestrian.
Whether the requirements for a right to a prescriptive easement have been met in a particular case presents a question of fact, after the nature and character of the use and the surrounding circumstances have been considered. Simonds v. Shaw, 44 Conn. App. 683, 688 (1997). The plaintiffs claim that the facts demonstrate an adverse and continuous use of the Strip for more than fifteen years.
To establish a prescriptive right, the use by a party must have been CT Page 7282 exercised under a claim of right and must have been adverse to the owner of the servient land. Sachs v. Toquet, 121 Conn. 60 (1936). The use of the claimed right-of-way cannot be adverse where the user is mistaken as to the owner. Here, Grillo thought the Town owned the Stip, not Orzel.
All the witnesses, including all the parties believed the Town owned the Strip. Orzel went to the Town to purchase it and discovered it was owned by the estate of Nunzio Corsino. Orzel then purchased the Stip in 1991. Grillo's use of the Strip was not adverse to Orzel until 1991 anymore than his use of any town street would be adverse. Since the plaintiffs believed the Town owned the land, their use was not adverse to that of the defendants. Also, the general public used the Strip as well as the plaintiffs. Thus, there was no exclusivity. The evidence was clear that many others used the strip in addition to the plaintiffs for pedestrian travel. Thus, the use was not exclusive to the plaintiffs but was a general use by other citizens not parties to this case.
Use of a right-of-way in common with the general public is regarded as negating a grant of a right-of-way to any individual user, i.e. the general public may not acquire an easement by prescription. TheMissionary Society of the Diocese of Connecticut v. Carter, 174 Conn. 76
(1948).
"Where the individual use is in common with that of the public, the individual user must, in order to establish an independent prescriptive right, perform some act to the knowledge of the servient owner clearly indicating his claim of right." Great Hill Lake Co. v. Caswell,126 Conn. 364, 366.
None of the plaintiffs have done anything to indicate to the defendant that they were making any claim to the Strip different in nature from that of the public.
Accordingly, the claims of all the plaintiffs must fail. The Grillos have not established a prescriptive right for the reasons set forth. The Vicchettos claim must also fail because they believed the Town owned the land. Hence, they could not be using it under a claim of right to the true owner whom they did not know until 1991.
The Orzels purchased the Strip so that they would have a parking area for their cars and those of their guests. They also brought in landfill and put in a retaining wall to keep their yard level with the adjoining land. They were attempting to benefit their family and guests and were not attempting to injure or annoy their neighbors. There is no hardship to any of the plaintiffs. CT Page 7283
The requirements for a temporary injunction are; (1) establishing a legal right which involves the determination of the probability of the plaintiffs succeeding on the merits and that there is no other adequate remedy at law; and (2) the imminence of a substantial and irreparable injury to the plaintiffs considered together with the effect of the temporary injunction on the plaintiffs and the defendants. ConnecticutAssociation of Clinical Labs v. Connecticut blue Cross, Inc.,31 Conn. Sup. 110, 113 (1973).
The court finds that the plaintiffs have failed to meet either prong of the test for reasons already set forth.
The request for a temporary injunction is hereby denied.
Regarding the plaintiffs' claim that the fence erected by the defendant's is a spite fence, this court finds that it was not for reasons already stated. The plaintiffs have failed to prove any of the elements required to establish such a claim, except for the fact that it was erected on the owner's land. The court finds, therefore, in favor of the defendant on the claim of the erection of a spite fence.
D. Michael Hurley, Judge Trial Referee.