STATE OF CONNECTICUT *v.* SAMUEL MCDANIEL

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued June 8—decision released September 12, 1978

*John R. Williams,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Richard P. Sperandeo,* chief assistant state's attorney, for the appellee (state).

BOGDANSKI, J. On a trial to a jury, the defendant was found guilty of six counts of conspiracy pursuant to § 53a-48[1] and six counts of arson and attempted arson as solicitor pursuant to § 53a-8[2] of the General Statutes. The counts stemmed from six separate incidents of arson or attempted arson in the city of New Haven. From the judgment rendered the defendant has appealed, assigning error in the court's refusal to order the disclosure of the identity of an unnamed informer, in various rulings on evidence, and in the denial of his motion to set aside the verdict.

We first note that the determination of whether an informer's identity shall be revealed is reviewed

[1] "[General Statutes] Sec. 53a-48. CONSPIRACY. . . . (a) A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[2] "[General Statutes] Sec. 53a-8. CRIMINAL LIABILITY FOR ACTS OF ANOTHER. A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

as a matter involving the exercise of discretion by the court. *State* v. *Johnson,* 162 Conn. 215, 229, 292 A.2d 903; *State* v. *Harris,* 159 Conn. 521, 271 A.2d 74, cert. dismissed, 400 U.S. 1019, 91 S. Ct. 578, 27 L. Ed. 2d 630.

The defendant claims that because the affidavit on which the bench warrant was issued recites that an unnamed informer had personal knowledge of the essential elements of the conspiracy charged, the informer was an eyewitness to the alleged offenses and his identity must be revealed pursuant to *Roviaro* v. *United States,* 353 U.S. 53, 77 S. Ct. 623, 1 L. Ed. 2d 639. An examination of both the affidavit and the evidence at the trial, however, reveals that the informer's knowledge was limited to what he had heard was about to occur and that it was that hearsay information which he passed on to the authorities. There is no evidence in the record to suggest that the informer was either a participant in or eyewitness to any of the alleged criminal acts.

The purpose of the government's privilege to withhold the identity of the informer is "the furtherance and protection of the public interest in effective law enforcement," but where disclosure of an informer's identity is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Because no fixed rule can be formulated as to when disclosure is required, each case must be decided on its own facts; and "[t]he problem is one that calls for balancing the public interest in protecting the flow of information against the indivdual's right to prepare his defense." *Roviaro* v. *United States,* supra, 59–62; *State* v. *Johnson,* supra, 228.

Neither *Roviaro* nor *Johnson* requires disclosure of the identity of an informant who was not an actual participant in or a witness to the offense charged. *Hawkins* v. *Robinson,* 367 F. Sup. 1025, 1035 (D. Conn.), and cases cited therein; *United States* v. *Mendoza,* 433 F.2d 891, 894 (5th Cir.); *Miller* v. *United States,* 273 F.2d 279, 281 (5th Cir.); see *United States* v. *Fisher,* 440 F.2d 654, 656 (4th Cir.); *State* v. *Johnson,* supra. In the absence of such evidence, the `trial court did not err in denying the request for identity. The defendant's broad claim that he has an absolute right to such identity because the informer's testimony may be relevant to the defense must be rejected.

On direct examination of the alleged coconspirators, the state asked each whether they had pleaded guilty to any of the charges contained in the information. The response by each was "yes." The defendant claims error in the admission of that testimony on the ground that the fact that one or more persons jointly charged with the commission of a crime pleaded guilty is not admissible in the trial of another person so charged to establish that the crime was committed. *State* v. *Pikul,* 150 Conn. 195, 187 A.2d 442.

In advancing that claim, the defendant has overlooked the colloquy in the record which occurred between the court and the defendant's trial counsel.[3] It is evident that as part of his trial strategy the defendant's trial counsel determined that there was

[3] "Mr. Grudberg: During the recess, your Honor, Mr. Sperandeo [the prosecutor] indicated to me there was a couple of questions he proposed to ask Mrs. [Jeweline] Smith subject to whether or not I would have any objections; namely, he was going to ask her whether or not she had pleaded guilty to certain counts arising out of her being charged in a companion matter to this one. And he did indi-

no harm to his client's cause in allowing that evidence since he himself intended to elicit that same information on cross-examination. On that factual basis, the trial court did not err in its ruling.

The defendant also claims error in the admission of evidence of his silence in the face of a statement that a particular fire had been set. The record shows that no objection was made nor exceptions taken to that specific line of inquiry. The court will not review rulings on evidence where no exception was taken. Practice Book, 1963, § 266; see also § 619A; *State* v. *Hawkins*, 162 Conn. 514, 517, 294 A.2d 584, cert. denied, 409 U.S. 984, 93 S. Ct. 332, 34 L. Ed. 2d 249, and cases cited therein. Moreover, no reason has been advanced why this ruling should be considered in the absence of an exception. See *State* v. *Evans*, 165 Conn. 61, 65–66, 70, 327 A.2d 576; see also *Estelle* v. *Williams*, 425 U.S. 501, 96 S. Ct. 1691, 48 L. Ed. 2d 126.

The state offered testimony of the city assessor as to the assessed value of the defendant's various real estate buildings in New Haven. That testimony was offered pursuant to the public record exception to the hearsay rule. See § 52-165 of the General Statutes; *State* v. *Johnson*, 166 Conn. 439, 443, 352 A.2d 294. The defendant objected to that line of questioning on the ground that he was deprived of the right to cross-examine the persons who actually made the assessments. The defendant, however,

---

cate he wanted to speak to me because of the *Pikul* problem. I indicated to him I had no objection. I had intended to go into that as a matter of mode of her past, anyway. I am not interposing any objection under *Pikul*. I am not making any claim he is asking any questions improperly.

The Court: Your defendant agrees to that, too?

Mr. Grudberg: Yes."

makes no claim that the valuations were either material or relevant to any of the essential elements of the crimes charged. See *State* v. *Reardon,* 172 Conn. 593, 599, 376 A.2d 65. In those circumstances, the defendant cannot be permitted to transform an evidentiary ruling into one of constitutional dimensions. The claim lacks merit.

In another portion of his brief, the defendant contends that he was denied the right to cross-examine Joseph Preston, an alleged coconspirator, to show that his testimony was motivated by a desire for favorable treatment of his own criminal offense. On the basis of one ruling out of over twenty pages of extensive cross-examination on the subject of that witness' motive, the defendant now claims a limitation of his rights of such constitutional dimensions that "no amount of showing of want of prejudice would cure it." We do not agree. Because the defendant had already been allowed wide latitude in the cross-examination of that witness as to his motive in testifying, the ruling was well within the discretion of the trial court. See *State* v. *Luzzi,* 147 Conn. 40, 46–47, 156 A.2d 505.

The defendant further claims error in the court's charge on the question of the overt act necessary to prove a conspiracy. He asserts that the charge misled the jury to understand that the overt act which must be done in furtherance of a conspiracy could occur at any time, either before or after the defendant joined the conspiracy.

A charge must be read as a whole, and specific instructions must be considered in context. *State* v. *Castagna,* 170 Conn. 80, 92, 364 A.2d 200; *State* v. *Lockman,* 169 Conn. 116, 123, 362 A.2d 920, cert. denied, 423 U.S. 991, 96 S. Ct. 403, 46 L. Ed. 2d

309.  The instruction[4] was sufficient and adequate to inform the jury that the overt act which they must find can only follow after the conspiracy is formed by agreement.  Indeed, by definition, an act can only be performed in furtherance of a conspiracy if that conspiracy, in fact, already exists.

With respect to the final issue, we conclude that the court did not err in denying the motion to set aside the verdict because of insufficient evidence. The issue on such a motion is whether the jury could reasonably have concluded, on the evidence and the inferences reasonably drawn therefrom, that the cumulative effect of that evidence established guilt beyond a reasonable doubt.  *State* v. *Chetcuti,* 173 Conn. 165, 172, 377 A.2d 263; *State* v. *Benton,* 161 Conn. 404, 410, 288 A.2d 411.  The evidence must be given a construction favorable to sustaining the jury's verdict.  *State* v. *Chetcuti,* supra.

The evidence before the jury as printed in the state's brief was clearly sufficient to support a verdict of guilty on the conspiracy counts.  The evidence was also ample to support a verdict that the defendant solicited Jeweline Smith to set the fires.

There is no error.

In this opinion the other judges concurred.

---

[4] The court charged in part as follows:  "You will note that this third element does not require an overt act by each conspirator.  The third element is established if the state proves that any of the conspirators performed such overt act.  The act must be something outside of the act of agreeing.  It must be something done by at least one of the conspirators after the agreement has been performed and an act done in furtherance of the agreement."