STATE OF CONNECTICUT *v.* HERMAN WEST

LOISELLE, BOGDANSKI, LONGO, PETERS and A. HEALEY, Js.

Argued June 6—decision released July 17, 1979

*Howard I. Gemeiner,* special public defender, for the appellant (defendant).

*Linda K. Lager,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

PER CURIAM.   The defendant was convicted of selling heroin on four separate occasions to an undercover agent.   The defendant was introduced to the undercover agent by an informer some time before the first sale.   The informer was not present and did not arrange, or participate in any manner in, any of the four sales of heroin.

The sole issue raised on this appeal is whether the trial court properly exercised its discretion in

denying the defendant's request for disclosure of the identity of a non-witness informer. The defendant made a pretrial motion for discovery of the name of any informer. At the hearing on this motion, when the state claimed a general privilege of nondisclosure, the defendant made no special showing of necessity but merely claimed the request. During trial, the defendant attempted to elicit the name of the informer. On one occasion no ruling was requested or made and, on the other, the question was withdrawn. At no time during the trial was any specific claim made indicating in what manner the disclosure of the informer's identity was essential to the defendant's defense.

What was stated in *State* v. *McDaniel,* 176 Conn. 131, 133, 405 A.2d 59 (1978), is controlling in this case: "The purpose of the government's privilege to withhold the identity of the informer is 'the furtherance and protection of the public interest in effective law enforcement,' but where disclosure of an informer's identity is 'relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.' Because no fixed rule can be formulated as to when disclosure is required, each case must be decided on its own facts; and '[t]he problem is one that calls for balancing the public interest in protecting the flow in information against the individual's right to prepare his defense.' *Roviaro* v. *United States,* [353 U.S. 53, 59–62, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957)]; *State* v. *Johnson,* [162 Conn. 215, 228, 292 A.2d 903 (1972)]."

There is no requirement that the identity of an informer, who was not an actual participant in or a witness to the sale of narcotics, be disclosed. The

defendant never advanced a specific reason for needing disclosure of the informer's identity. He merely asserted that it might be necessary to his defense. The defendant bears the burden of demonstrating the need for disclosure of an informer's identity. *United States* v. *Morell,* 524 F.2d 550, 557 (2d Cir. 1975). Therefore, the court was not in error in denying the request for disclosure.

There is no error.