## STATE OF CONNECTICUT v. OTIS JACKSON
## (15428)

Borden, Norcott, Katz, Palmer and McDonald, Js.

Argued October 3, 1996—officially released January 7, 1997

*Carolyn K. Longstreth*, assistant state's attorney, with whom were *Russell Zentner*, assistant state's attorney, and, on the brief, *John T. Redway*, state's attorney, for the appellant (state).

*Mark Rademacher*, assistant public defender, for the appellee (defendant).

MCDONALD, J. At issue in this appeal is whether the trial court properly ordered the disclosure of the identity of a person who acted as a police informant in a narcotics sale.

The defendant, Otis Jackson, was charged with the sale of cocaine in violation of General Statutes § 21a-278 (b).[1] After learning that an informant had been instrumental in his arrest, the defendant moved for disclosure of the informant's identity. The trial court, *O'Keefe, J.*, granted the defendant's motion, concluding that disclosure was mandated by the defendant's claim of mistaken identity. After the state refused to disclose the informant's identity, the trial court granted the defendant's motion to dismiss. The state, with permission, appealed to the Appellate Court. The Appellate Court reversed the trial court's judgment of dismissal and remanded the case for a hearing consistent with *Roviaro* v. *United States*, 353 U.S. 53, 62, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957). *State* v. *Jackson*, 37 Conn. App. 491, 656 A.2d 1056 (1995).

After a hearing on remand, the trial court, *J. Walsh, J.*,[2] determined that the state must disclose the identity of the informant because the evidence had failed to show that the informant's identity was confidential and,

---

[1] General Statutes § 21a-278 (b) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. . . ."

[2] Regrettably, Judge Walsh, a dedicated and able judge, died during the pendency of this appeal.

therefore, covered by the state's privilege to conceal the identity of confidential informants. The state again refused to disclose the informant's identity, and the trial court granted the defendant's motion to dismiss. The state appealed, with permission, from the trial court's judgment of dismissal to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

The trial court found the following facts. On January 20, 1993, an undercover police officer and an informant viewed photographs of fifteen suspected drug dealers. Each of the dealers allegedly frequented Mac's Safari Cafe (Mac's) in Middletown. After viewing the photographs, the undercover officer and the informant entered Mac's. Once inside, the informant pointed to a man and said to the undercover officer: "There is Otis Jackson." The officer and the informant approached the man and the informant stated: "Otis, this is my cousin, take care of him." The informant and the man spoke together for approximately fifteen seconds.

The man then led the undercover officer to the lavatory. Alone together in the lavatory, the same man sold the undercover officer a packet of cocaine for $20. Thereafter, the undercover officer and the informant left Mac's. Immediately after leaving the bar, the undercover officer viewed a photographic array and identified a photograph of the defendant as the man who had sold him cocaine. About two months later, the defendant was arrested.

On the basis of these facts, the trial court held that the informant's involvement in the drug transaction did not rise to the level of participation that would require disclosure of his identity in accordance with *Roviaro* v. *United States*, supra, 353 U.S. 53. The trial court ordered disclosure, however, because it found that the evidence failed to demonstrate that the informant's

identity was confidential and, therefore, subject to the confidential informant privilege. The court reasoned that because the informant was known to the man who sold the drugs, there was no reason why his identity should be confidential and therefore it should be disclosed by the state. Because we conclude that the trial court's finding that the informant's identity was not confidential was clearly erroneous, we reverse the trial court's order to disclose the informant's identity and its judgment dismissing the case.

In *Roviaro* v. *United States*, supra, 353 U.S. 53, the United States Supreme Court had occasion to define the nature and scope of the informant's privilege. "What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons *who furnish information of violations of law to officers charged with enforcement of that law.* . . . The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens *to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.*" (Citations omitted; emphasis added.) Id., 59; see *State* v. *Richardson*, 204 Conn. 654, 657–58, 529 A.2d 1236 (1987).

*Roviaro* established a test for assessing challenges to the applicability of the informant's privilege. This test involves the balancing of two competing interests: (1) the preservation of the "underlying purpose" of the privilege; and (2) the "fundamental requirements of fairness." *Roviaro* v. *United States*, supra, 353 U.S. 60. The underlying purpose of the privilege is to protect the public interest in the flow of information to law enforcement officials. The fundamental requirements of fairness comprise the defendant's right to a fair trial,

including the right to obtain information relevant and helpful to a defense. Id., 60–61; see also *State* v. *Telesca*, 199 Conn. 591, 606, 508 A.2d 1367 (1986); *State* v. *McDaniel*, 176 Conn. 131, 133, 405 A.2d 68 (1978); *State* v. *Johnson*, 162 Conn. 215, 228, 292 A.2d 903 (1972). "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro* v. *United States*, supra, 62.

Informants may be citizens reporting criminal conduct out of both civic responsibility and fear of retaliation. They may also be associates of subjects of investigation reporting crime in the hope of some reward. These professional or criminal informants may report ongoing crimes and also gain for police undercover officers the confidence of their associates. Such informants are useful only so long as they are trusted by the criminals. They fear exposure, all the more, as it may lead to social harm or physical injury.

The privilege to maintain the secrecy of the informant's identity is part of a complex privilege relating to the needs of government. Four general principles should be considered in applying the privilege: "(1) The communications must originate in a confidence that they will not be disclosed . . . (2) [t]his element of confidentiality must be essential to the full and satisfactory maintenance of the relation between the parties . . . (3) [t]he relation must be one which in the opinion of the community ought to be sedulously fostered [and] (4) [t]he injury that would inure to the relation by the disclosure . . . must be greater than the benefit thereby gained [by disclosure]." 8 J. Wigmore, Evidence (4th Ed. 1961) § 2285, p. 527. All four are clearly present in the case of the informant-government relationship.

As Wigmore points out, communications of persons reporting crimes to the government ought to be encouraged. Such people are discouraged, however, if their identity is disclosed. An informant cooperates usually on the condition of his or her anonymity being maintained as protection from physical harm and adverse social reactions. Law enforcement often depends on professional informants and disclosure of their dual role ends their usefulness and discourages others from assuming those roles. Id., § 2374, pp. 761–62. The privilege is, therefore, "well established and its soundness cannot be questioned." Id., p. 762.

Evidence that the informant's role as a police agent is not confidential vitiates the underlying purpose of the privilege. If the informant's role is known, the protection of the informant and the safeguarding of information are no longer served by nondisclosure.

"The privilege . . . [for confidential informants] may be invoked by [the state's] officers who as witnesses or otherwise are called on for the information . . . ." C. McCormick, Evidence (4th Ed. 1992) § 111, pp. 408–409; see also 2 C. Mueller & L. Kirkpatrick, Federal Evidence (1994) § 229, p. 598 ("[t]he privilege belongs to the [state] rather than the informant, and may be asserted by [state's] counsel"). The state must not only assert the privilege, but also present to the court the underlying circumstances supporting its claim that the privilege applies. Here, the state invoked the privilege through counsel and called witnesses to establish the role played by the informant.

The trial court's determination to apply the privilege is reviewed for abuse of discretion. *State* v. *McDaniel*, supra, 176 Conn. 133; see also *United States* v. *Lilla*, 699 F.2d 99, 105 (2d Cir. 1983). We accord great deference to the trial court's factual findings because it is the trial court's function to weigh the evidence and determine

the credibility of witnesses. This court, however, "may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence . . . ." Practice Book § 4061; see also *State* v. *Reagan*, 209 Conn. 1, 8, 546 A.2d 839 (1988). Accordingly, we will disturb the trial court's findings only when those findings are clearly erroneous as where there is no evidence in the record to support such findings. *State* v. *Webb*, 238 Conn. 389, 449–50, 680 A.2d 147 (1996); *State* v. *Ellis*, 232 Conn. 691, 700–701, 657 A.2d 1099 (1995). Here, we conclude that the trial court's finding that the privilege should not apply was clearly erroneous because it was unsupported by the evidence.

The trial court determined that because the informant personally introduced the undercover officer to the drug dealer, the informant must have been known to the dealer and thereby lost his expectation of confidentiality. The only evidence here, however, was that the police assured the informant of the confidentiality of his role as informant and that the informant then took part in a police undercover operation where he introduced a police officer to unsuspecting drug dealers so that the officer could buy drugs. An immediate arrest was not made in order to conceal the true roles of the police officer and the informant and to protect the undercover operation from discovery. Under these circumstances, the fact that the dealer knew the informant does not mandate disclosure of the informant's role as a police agent. See *United States* v. *Jimenez*, 789 F.2d 167, 170 (2d Cir. 1986) (disclosure not warranted though defendant met informant several times); *Churder* v. *United States*, 387 F.2d 825, 831 (8th Cir. 1968) (where it was likely that defendant knew informant, court stated that "we regard the detail as unimportant").

Simply being an associate of an informant cannot reasonably be equated to knowledge on a criminal's

part of the informant's secret role as a police agent. If the trial court's reasoning were correct, the privilege would never apply to undercover police drug purchases, a recognized and important law enforcement technique. There, the informant's role was to introduce a stranger, the undercover officer, to the informant's associates in order to instill trust in those drug dealers who would not otherwise deal with a stranger.

In this case, the evidence shows only that the informant's identity as a police agent was unknown and was intended to be hidden. There was no testimony that the drug dealer knew the informant's true role. Further, the undercover nature of the operation, as found by the trial court, required it to apply the privilege. The trial court could not, therefore, conclude that the informant's identity as a police agent was not confidential.

Our conclusion does not disrupt the remaining *Roviaro* analysis performed by the trial court. Once the state has invoked the privilege, it is then the defendant's burden to show that the balance of the evidence falls in favor of disclosure. *State* v. *West*, 178 Conn. 444, 446, 423 A.2d 117 (1979); *United States* v. *Jimenez*, supra, 789 F.2d 170; *United States* v. *Lilla*, supra, 699 F.2d 105; 2 C. Mueller & L. Kirkpatrick, supra, § 230, p. 609. This burden is met by addressing the two competing interests identified in *Roviaro*. The defendant may show that the informant's role as a police agent has been disclosed to the people likely to retaliate against the informant; *Roviaro* v. *United States*, supra, 353 U.S. 60; which he has not done, or he may show that disclosure of the informant's identity is " 'essential to the defense.' " *United States* v. *Jimenez*, supra, 170, quoting *Scher* v. *United States*, 305 U.S. 251, 254, 59 S. Ct. 174, 83 L. Ed. 151 (1938); see *State* v. *Richardson*, supra, 204 Conn. 663 ("[m]ere speculation that the informant's information will be helpful to the defense is not sufficient to mandate disclosure"). Disclosure is essential

to the defense where nondisclosure could hamper the defendant's right to a fair trial, such as where "the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States* v. *Russotti,* 746 F.2d 945, 950 (2d Cir. 1984).

The trial court thoroughly balanced all of the evidence that did not go to confidentiality and properly found that the balance of the evidence fell in favor of nondisclosure. The trial court considered, and found inapplicable, various circumstances under which disclosure is warranted, such as whether the informant was a participant in or a witness to the crime; *State* v. *Conger,* 183 Conn. 386, 392–93, 439 A.2d 381 (1981); *State* v. *McDaniel,* supra, 176 Conn. 134; see *United States* v. *De Angelis,* 490 F.2d 1004, 1010 (2d Cir.), cert. denied, 416 U.S. 956, 94 S. Ct. 1970, 40 L. Ed. 2d 306 (1974) (disclosure not warranted where informant "was at most a 'mere introducer' "); and whether entrapment had been claimed as a defense. *Roviaro* v. *United States,* supra, 353 U.S. 64. The court also considered the defendant's mistaken identity claim based on the assertion that he was not in Mac's on the night of the drug sale. The court properly determined that it would be inappropriate to weigh this claim in favor of disclosure because the defendant offered no alibi in support of his claim and would have ample opportunity to challenge the undercover officer's identification of his photograph at trial. See *State* v. *Jackson,* supra, 37 Conn. App. 498–99 (discussing impact of mistaken identity defense on disclosure). We conclude, therefore, that all the remaining *Roviaro* factors were appropriately considered and applied.

Because we conclude that the evidence established only that the informant's role was confidential, the privilege should have been applied under the *Roviaro* standards.

The judgment of dismissal is reversed and the case is remanded with direction to deny the defendant's motion for disclosure of the informant's identity, and for further proceedings according to law.

In this opinion the other justices concurred.