STATE OF CONNECTICUT *v.* CESAREO HERNANDEZ
(AC 17894)

O'Connell, C. J., and Lavery and Sullivan, Js.

 

Argued February 22—officially released June 8, 1999

*Carolyn K. Longstreth*, assistant state's attorney, with whom were *Carl E. Taylor*, senior assistant state's attorney, and, on the brief, *James E. Thomas*, state's attorney, for the appellant (state).

*Teri E. Bayer*, for the appellee (defendant).

*Opinion*

LAVERY, J. The state appeals with the permission of the trial court from the judgment dismissing the case against the defendant, Cesareo Hernandez, upon the state's refusal to comply with the trial court's order to disclose to the defendant the identity of a confidential informant. The state claims that the trial court improperly ordered it to disclose to the defendant the identity of the informant because (1) there is no evidence in the record to support a predicate factual finding that underlies the trial court's decision to order disclosure,

(2) the informant was a mere "tipster" who neither participated in nor witnessed the specific events that formed the basis of the charged crimes, (3) the informant's testimony is irrelevant to the issues in dispute and (4) the informant's testimony is cumulative of the testimony of other witnesses. We affirm the judgment of the trial court.

The record discloses the following information that is relevant to the issues on appeal. The signed affidavit, which the police submitted in support of their application for a search and seizure warrant for the defendant's apartment, discloses that on February 18, 1995, at approximately 5 p.m., a confidential informant contacted Detectives Anthony Martinez and Stephen Grabowski of the Hartford police department. The informant stated that "Munie," whom the detectives recognized as Louis Rosario, would be packaging heroin in the first floor apartment of 94 Whitmore Street in Hartford. The informant also stated that Rosario drove a red Camaro. At approximately 6 p.m., the detectives observed Rosario and an unidentified Hispanic male exit the first floor apartment at 94 Whitmore Street and travel to Rosario's home at 3 Mannz Street in Hartford.

On that same day, at approximately 6:30 p.m., the detectives met with the informant. The informant stated that he had observed Rosario and another Hispanic male, whom he knew as Luis Martinez, bring a large amount of heroin into the first floor apartment at 94 Whitmore Street and that "as we speak they are packaging heroin . . . ." The detectives returned to 94 Whitmore Street and observed that Rosario's red Camaro was parked outside the apartment building.

The detectives subsequently obtained a search and seizure warrant for the first floor apartment at 94 Whitmore Street. The police incident report discloses that on February 18, 1995, at approximately 8:30 p.m.,

the detectives executed the warrant. Several minutes after the police gained entry, the defendant and his wife, Andrea Hernandez, returned to the apartment. The police seized 100 glassine bags from a dresser drawer in the defendant's bedroom, and the powder in these bags later tested positive for heroin.

The state filed a substitute information charging the defendant with possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b), possession of narcotics with intent to sell within 1500 feet of a school in violation of General Statutes § 21a-278a (b), conspiracy to sell narcotics by a person who is not drug-dependent in violation of General Statutes §§ 53a-48 (a) and 21a-278 (b), conspiracy to sell narcotics within 1500 feet of a school in violation of General Statutes §§ 53a-48 (a) and 21a-278a (b) and possession of drug paraphernalia in violation of General Statutes § 21a-267 (a).

On October 20, 1995, the defendant filed a notice of alibi, and on November 29, 1995, he filed a supplemental notice of alibi. He claimed that several witnesses would testify that on February 18, 1995, he was not in the apartment during the period in question. On November 13, 1997, the defendant filed a motion for disclosure of the identify of the state's informant. After applying the balancing test set forth in *Roviaro* v. *United States*, 353 U.S. 53, 62, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957), the trial court granted the defendant's motion for disclosure of the identity of the informant. Because the state refused to disclose to the defendant the identity of the informant, the trial court dismissed the case. The state filed a motion for permission to appeal, which was granted by the trial court. This appeal followed.

I

As a threshold matter, the state claims that there is no evidence in the record to support a predicate factual

finding that underlies the trial court's decision to order disclosure of the identity of the informant. Specifically, the state contends that there is no basis in the record for the trial court to find that the informant was in the defendant's apartment when Rosario and Martinez arrived with heroin and packaged it. The state claims that, if the informant was not present in the apartment during this period, then disclosure of his identity was not warranted. We conclude that the trial court's predicate factual finding was not clearly erroneous.

The trial court determined that "[i]t may reasonably be inferred from the [warrant] affidavit that the informant told the police that he had been in the apartment while Rosario and Martinez were packaging the drugs." We accord great deference to the trial court's factual findings. " '[T]he factual findings of a trial court on any issue are reversible only if they are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' . . . *Schult* v. *Schult*, 40 Conn. App. 675, 682, 672 A.2d 959 (1996), aff'd, 241 Conn. 767, 699 A.2d 134 (1997)." *Rolla* v. *Rolla*, 48 Conn. App. 732, 737, 712 A.2d 440, cert. denied, 245 Conn. 921, 717 A.2d 237 (1998).

The signed affidavit, which the detectives submitted in support of their application for a search and seizure warrant for the defendant's apartment, states that "the affiants on 2-18-95 at approximately 1830 hours met with the informant who stated that he *observed* [Rosario] and another Hispanic male who he knows as Luis Martinez bring a large amount of heroin into the apartment at 94 Whitmore Street, first floor apartment. . . . The informant stated that Rosario . . . had returned to 94 Whitmore Street and that as we speak they are

packaging heroin in the targeted location." (Emphasis added.)

On the basis of our review of the record, we conclude that the trial court's finding that the informant was in the apartment when Rosario and Martinez arrived with the heroin and then packaged it was not clearly erroneous.

## II

The state next claims that, even if we assume that the informant witnessed Rosario and Martinez bring heroin into the apartment and package it, the trial court abused its discretion by ordering the state to disclose to the defendant the identity of the informant because the informant was a mere "tipster" who neither participated in nor witnessed the specific events that formed the basis of the possessory narcotics offenses with which the defendant was charged. We do not agree.

The state claims that even if the informant observed Rosario and Martinez bring heroin into the apartment and package it, the informant did not witness the subsequent events that formed the basis for the defendant's possessory narcotics charges: the discovery of heroin in the defendant's apartment and the incriminating statements the police claim the defendant made when he was arrested. Accordingly, the state claims that the trial court abused its discretion by ordering disclosure because the informant was a mere "tipster" who neither participated in nor witnessed the specific events that formed the basis for the possessory narcotics offenses with which the defendant was charged.

After applying the balancing test set forth in *Roviaro* v. *United States*, supra, 353 U.S. 62, the trial court concluded that the defendant's need for disclosure of the identity of the informant outweighed the state's legitimate interest in preserving the informant's anonymity.

The trial court concluded that disclosure of the informant's identity was necessary because "[t]he informant's information as may be inferred from the affidavit directly relates to the defenses asserted by the defendant. The information, and potentially the informant's testimony in court, could be highly exculpatory of the defendant. Indeed, that information and testimony could potentially exonerate him."

When called on to determine the propriety of a trial court's decision to order disclosure to the defendant of the identity of a confidential informant, we must decide whether the trial court abused its discretion in ruling as it did. *State v. McDaniel*, 176 Conn. 131, 132–33, 405 A.2d 68 (1978); *State v. Johnson*, 162 Conn. 215, 229, 292 A.2d 903 (1972); *State v. Kiser*, 43 Conn. App. 339, 347, 683 A.2d 1021, cert. denied, 239 Conn. 945, 686 A.2d 122 (1996), cert. denied, 520 U.S. 1190, 117 S. Ct. 1478, 137 L. Ed. 2d 690 (1997). "In determining whether the trial court has abused its discretion, we make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Citation omitted; internal quotation marks omitted.) *Burke v. Avitabile*, 32 Conn. App. 765, 771, 630 A.2d 624, cert. denied, 228 Conn. 908, 634 A.2d 297 (1993).

"The United States Supreme Court's decision in *Roviaro v. United States*, [supra, 353 U.S. 53],[1] provides a starting point for our analysis of how courts should balance the state's interest in protecting informants against the defendant's interest in obtaining information

---

[1] *"Roviaro* involved the application of federal evidentiary rules, and the decision did not rest on constitutional grounds." *State v. Richardson*, 204 Conn. 654, 658, 529 A.2d 1236 (1987).

useful in conducting his defense. Courts have recognized an informant's privilege. 'What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. . . . The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.' . . . Id., 59." *State* v. *Richardson*, 204 Conn. 654, 657–58, 529 A.2d 1236 (1987).

"One limitation on this privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action. . . . [*Roviaro* v. *United States*, supra, 353 U.S. 60–61]. Thus, when disclosure is required, it is not because of any police misbehavior that must be the subject of a sanction.

"There is no fixed rule with respect to disclosure . . . . The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. . . . Id., 62." (Internal quotation marks omitted.) *State* v. *Kiser*, supra, 43 Conn. App. 348.

"[M]ere speculation that the informant's information will be helpful to the defense is not sufficient to mandate disclosure . . . . *State* v. *Richardson*, [supra, 204 Conn. 663]; see also *State* v. *Harris*, 159 Conn. 521, 529, 271 A.2d 74 (1970), cert. dismissed, 400 U.S. 1019, 91 S. Ct. 578, 27 L. Ed. 2d 630 (1971). The defendant bears the burden of demonstrating the need for disclosure of an informer's identity. *State* v. *West*, 178 Conn. 444, 446, 423 A.2d 117 (1979)." (Internal quotation marks omitted.) *State* v. *Kiser*, supra, 43 Conn. App. 349.

With those principles in mind, we must determine whether the trial court abused its discretion by ordering the state to disclose to the defendant the identity of the informant. In the present case, the defendant was charged with possession of narcotics with the intent to sell by a person who is not drug-dependent, possession of narcotics with intent to sell within 1500 feet of a school, conspiracy to sell narcotics by a person who is not drug-dependent, conspiracy to sell narcotics within 1500 of a school and possession of drug paraphernalia. "To prove either actual or constructive possession of a narcotic substance, the state must establish beyond a reasonable doubt that the accused knew of the character of the drug and its presence, and exercised dominion and control over it. *State* v. *Brunori*, 22 Conn. App. 431, 435–36, 578 A.2d 139, cert. denied, 216 Conn. 814, 580 A.2d 61 (1990) . . . ." (Citation omitted.) *State* v. *Cruz*, 28 Conn. App. 575, 579, 611 A.2d 457 (1992). The defendant claims that someone else brought the heroin into his apartment when he was not at home, that he lacked knowledge of its presence and that he did not exercise dominion and control over it.

The trial court found that the informant was present in the apartment when Rosario and Martinez arrived with heroin and packaged it, and we have already concluded that that predicate factual finding was not clearly erroneous. Because the informant was present in the

apartment at that time, the informant can testify as to whether the defendant was also present in the apartment, had knowledge that Rosario and Martinez arrived with heroin and exercised dominion and control over the heroin. Moreover, on the basis of the trial court's finding that the informant was in the apartment when Rosario and Martinez packaged heroin, the informant could potentially testify as to whether Rosario and Martinez packaged the 100 bags of heroin the police seized from the defendant's apartment. Because the 100 bags of heroin were packaged in distinctive yellow glassine bags labeled "terremoto," the informant could potentially testify whether this packaging matched the packaging used by Rosario and Martinez. It is beyond mere speculation that the foregoing information is material to the defendant's defense to the possessory narcotics charges.

It bears emphasis that the informant witnessed persons other than the defendant bring heroin into the defendant's apartment only a few hours before the police seized heroin from the same apartment, and the defendant claims that he was not present in the apartment at that time. The warrant affidavit discloses that the detectives' first communication with the informant was at 5 p.m. and the execution of the search and seizure warrant was at 8:30 p.m. The detectives observed Rosario and Martinez at the apartment, but not the defendant. The informant named only Rosario and Martinez as arriving at the apartment and packaging heroin, and the informant did not place the defendant there.

In light of the deferential standard that constrains our review of the decision of the trial court, we cannot say, on the basis of the record before us, that the trial court abused its discretion by ordering the state to disclose to the defendant the identity of the informant. Although we are not bound by precedent from other

states, we note for illustrative purposes that in factually similar circumstances, several appellate courts from other states have either ordered disclosure or affirmed a trial court's order of disclosure. See *Honore* v. *Superior Court of Alameda County*, 70 Cal. 2d 162, 165, 74 Cal. Rptr. 233, 449 P.2d 169 (1969); *State* v. *McEachern*, 114 N.C. App. 218, 221, 441 S.E.2d 574 (1994); *State* v. *Petrina*, 73 Wash. App. 779, 785–87, 871 P.2d 637 (1994); see also *People* v. *Hardeman*, 137 Cal. App. 3d 823, 829, 187 Cal. Rptr. 296 (1982) (where defendant charged with constructive possession of narcotics imputed by police discovery of contraband in certain location, disclosure of nonparticipating, noneyewitness informant required only if informant had recent observation of contraband in location and if evidence shows that persons other than defendant in location when informer observed contraband and that defendant was not or may have not been present).

The state contends that several factually similar cases from this court and our Supreme Court establish that the trial court abused its discretion by ordering the state to disclose to the defendant the identity of the informant. See *State* v. *Richardson*, supra, 204 Conn. 664–67; *State* v. *Conger*, 183 Conn. 386, 392–93, 439 A.2d 381 (1981); *State* v. *Johnson*, supra, 162 Conn. 227–29; *State* v. *Harris*, supra, 159 Conn. 526–29; *State* v. *Kiser*, supra, 43 Conn. App. 346–50. We disagree and conclude that each of those cases is distinguishable for three reasons.

First, none of those decisions established a fixed rule that prohibits trial courts from ordering disclosure in *every* case where the informant neither witnessed nor participated in the specific events that formed the basis for the charged crime. A fixed rule would be inconsistent with our Supreme Court's repeated pronouncement that "no fixed rule with respect to disclosure is justifiable" because the determination of whether disclosure

is warranted depends on the particular circumstances of each case. (Internal quotation marks omitted.) *State* v. *Richardson*, supra, 204 Conn. 658; *State* v. *West*, supra, 178 Conn. 445; *State* v. *McDaniel*, supra, 176 Conn. 133; *State* v. *Johnson*, supra, 162 Conn. 228 ("no fixed rule can be formulated as to when disclosure is required so that each case must be decided on its own facts"). Second, the holding in each of those cases must be considered in light of the deferential standard that constrained the court's review of the decision of the trial court. Precedent establishes that appellate review in such cases is limited to a determination of whether the trial court abused its discretion in ruling as it did. *State* v. *McDaniel*, supra, 132–33; *State* v. *Johnson*, supra, 229. In each of those cases, the reviewing court affirmed the trial court's decision to deny the defendant's motion for disclosure on the basis of the record before it. Further, in contrast to the present case, none of the defendants in those cases established beyond mere speculation that disclosure of the identity of the informant was material to his defense.

## III

The state next claims that the trial court abused its discretion by ordering the state to disclose to the defendant the identity of the informant because the informant's testimony is irrelevant to the disputed issues in this case. We disagree.

The state contends that the informant did not witness the specific events that formed the basis for the charged crimes: the seizure of heroin from the defendant's apartment and the incriminating statements the police allege the defendant made when he was arrested. The defendant claims that he lacked knowledge of the presence of heroin in his apartment and he did not exercise dominion and control over it. He also claims that at

trial he will deny having made any incriminating statements to the police. Because the informant did not witness those events, the state contends that the trial court's decision to order disclosure of the informant's identity constituted an abuse of discretion because the informant's testimony is irrelevant to the disputed issues in this case—whether the defendant had knowledge of the presence of heroin and exercised dominion and control over it, and whether he made incriminating statements to the police at the time of his arrest.

The state's third claim is foreclosed by our discussion in part II of this opinion. In our discussion of the state's second claim, we concluded that, although the informant was not present when the police seized heroin from the apartment and the defendant allegedly made incriminating statements to the police, the trial court did not abuse its discretion by granting the defendant's motion for disclosure because the record discloses that the informant possesses information that is material to the defendant's defense to the possessory narcotics charges. Although the state claims that it can prove its case against the defendant without utilizing any testimony from the informant, it does not follow that the informant's testimony is therefore immaterial to the defense. See *DiBlasio* v. *Keane*, 932 F.2d 1038, 1042 (2d Cir. 1991) (although informant's testimony not material to state's case, same cannot be said regarding defense of entrapment).

## IV

In its final claim, the state contends that the trial court abused its discretion by ordering the state to disclose to the defendant the identity of the informant because the informant's testimony is cumulative of other available witnesses. We do not agree.

The state claims that nondisclosure of the identity of the informant would not deprive the defendant of

the opportunity to establish that he was absent from the apartment during the period in question. The defendant filed a notice of alibi and a supplemental notice of alibi claiming that several witnesses would testify that he was not in his apartment during the period in question. The trial court found that the informant was in the defendant's apartment when Rosario and Martinez arrived with heroin and packaged it. As such, the informant has personal knowledge of persons other than the defendant bringing heroin into the apartment and the approximate time that these persons brought heroin into the apartment. The warrant affidavit discloses only that the detectives observed Rosario and Martinez exit the defendant's apartment and later noticed Rosario's automobile parked outside the apartment. The record does not disclose that the detectives or any other available witnesses observed Rosario and Martinez bring heroin into the defendant's apartment and package it. Although the alibi witnesses can testify that the defendant was not in the apartment during the period in question, that testimony is insignificant in the absence of the informant's testimony that Rosario and Martinez brought heroin into the apartment during the period when the alibi witnesses claim that the defendant was not at home.

Moreover, because the trial court found that the informant was present in the apartment when the heroin was being packaged, the informant likely has personal knowledge as to whether Rosario and Martinez packaged the 100 bags of heroin that were seized by the police. Because the heroin seized by the police was packaged in distinctive yellow glassine bags labeled "terremoto," the informant could potentially identify whether Rosario and Martinez packaged these narcotics. The record does not disclose that the detectives or any other available witnesses have personal knowledge of this information. We therefore conclude that the

informant's testimony was not cumulative of other available witnesses.

The judgment is affirmed.

In this opinion the other judges concurred.