[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO IDENTIFY THE INFORMANT
The defendant, Stanford Francis, moves this Court, pursuant to thefourth, sixth andfourteenth amendments to the United States constitution, and Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623,1 L.Ed.2d 639 (1957), and Giglio v. United States, 405 U.S. 150,92 S.Ct. 763, 31 L.Ed.2d 104 (1972), to disclose the identity of the informant or informants in the above-referenced case. The Court conducted evidentiary hearings on this motion and other motions related to the defendant's trial on December 19 and 20, 2002.
The Court presented its decision on this motion on January 3, 2003 in advance of the commencement of evidence on January 8, 2003 (attached copy of transcript of decision).1*
This is a written memorandum of decision on the defendant's motion to identify the informant.
 I
Facts
The following facts were presented during the course of the testimony at this hearing:
Waterbury Police received information from a known and reliable informant, who had provided information in the past that has led to arrests and convictions, that the defendant, Stanford Francis, resided at 26-5 Preston Terrace, Waterbury, Connecticut, was selling crack cocaine in the Waterbury area. The confidential informant indicated that he has seen Stanford Francis in possession of crack cocaine packaged for sale and saw the defendant conceal this substance within the residence.
Further testimony indicated that on November 8, 2001, Officer Timothy CT Page 3528 Jackson received information from this same confidential informant that the defendant was at 26-5 Preston Terrace with Sheldon Pomply, and was leaving to go to Pine and Templeton Streets. Officer Timothy Jackson and Officer Harold Setzer responded to 26-5 Preston Terrace and saw the defendant and Mr. Pomply come out of 26 Preston Terrace and enter a Jeep. The officers followed the defendant to Pine and Templeton Street, where the defendant was observed putting a package into the gas tank area of the Jeep. The defendant was observed talking to a woman, and while being observed, police saw the item sticking out of the gas tank part of the Jeep with a similar type package on his person.
Officer Jackson testified that the informant was not at 26 Preston Terrace when the police observed the defendant and Mr. Pomply leave that apartment and enter the Jeep. He further testified that the informant was not present at Pine and Templeton Streets when the defendant was arrested, and that the confidential informant was not present when the police conducted the search at 26-5 Preston Terrace. Officer Jackson testified that this confidential informant did exist.
The defendant argues in support of his motion that the confidential informant was either a participant in or a witness to the offense charged or does not exist. Therefore, the informant should be disclosed.
(A) The Informant Is a Participant in or a Witness to the OffenseCharged
In Roviaro v. United States, 353 U.S. 53, supra, the United States Supreme Court defined the nature and scope of an informant's privilege. The privilege is in reality the State of Connecticut's privilege to withhold from disclosure the identity of persons who furnish informationof violations of law to officers charged with the enforcement of thelaw. (Emphasis added.)
Roviaro established a test for assessing challenges to the applicability of the informant's privilege. This requires the balancing of two interests: (1) the preservation of the underlying purpose of the privilege; and (2) the fundamental requirement of fairness.
Each decision is based upon the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors.
Once the State has invoked the privilege, that is the State's objection to disclose the identity of the informant, then it is the defendant's CT Page 3529 burden to show that the balance of the evidence falls in favor of disclosure.
In this case, the defendant asserts the need for disclosure as "helpful to the defense" and "essential to a fair determination." Disclosure is essential to the defense when non-disclosure could hamper the defendant's right to a fair trial where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or non-guilt. State v. Jackson, 239 Conn. 629, 636-37,687 A.2d 485 (1995).
The state introduced evidence that the informant was dealt with confidentially. The evidence obtained at the hearing was that the informant gave information to the police who then responded to the defendant's residence and then followed the defendant to Pine and Templeton Street where, after observations of conduct of the defendant, effectuated an arrest.
The Court finds Officer Jackson, who testified at the hearing on November 8, 2001 to be credible. On the basis of this testimony, the confidential informant's involvement in the event resulting in the defendant's arrest did not rise to the level of participation that would require disclosure of his or her identity.
It is the defendant's burden to show that the balance of the evidence falls in favor of disclosure. The Court finds that the defendant did not meet this burden.
In this case, the Court finds that the defendant has failed to establish that the informant was a key witness or a participant in the crime involved here.
Conclusion
For these reasons, the motion for disclosure on this basis is denied.
(B) The Defendant Contends that the Informant Was a Witness to aContinuing Crime and Therefore Should Be Disclosed.
As stated previously, if an informant is either a participant or a witness to the crime charged, his identity must be disclosed.
The factor that determines the issue is whether the informant was a witness to the crime, in this case, possession of narcotics with intent to sell. CT Page 3530
The credible evidence produced at the hearing is that the informant was not present when the police went to 26-5 Preston Terrace, and followed him to the location of Pine and Templeton Streets where he was arrested. On this ground, the defendant was denied disclosure of the informant's identity.
In support of this position, the defendant relies upon State v.Richardson, 204 Conn. 654, 529 A.2d 1236 (1987). In that case, the defendant was seen with the narcotics by the informant prior to the arrest. The defense argument that this was a continuing crime was not supported by the Supreme Court when affirming the trial judge's decision to deny disclosure.
The facts of this case are different and the informant is much more removed from the arrest of Stanford Francis. Additionally, the issue of double jeopardy raised in the Richardson case is not present here.
The issue then is, is the informant a witness or participant to the crime for which the defendant was arrested. Based upon the testimony offered at the hearing on this matter, the defendant did not sustain his burden to require disclosure of the informant's identity.
Conclusion
For these reasons, the motion for disclosure of the informant on this basis is denied.
(C) Disclosure would Determine if an Informant does Exist at All.
The defendant claims that no informant exists, and if this is correct, disclosure would determine if an informant does exist. The defendant argues that this would assist the defense in challenging the credibility of the police witness.
The defendant bears the burden of showing that the balance of the evidence falls in favor of disclosure. The defendant offers by way of argument that no informant exists and this is a plot by the police against the defendant. This is a defense in this case.
Defense counsel questioned Officer Jackson as to the existence of the informant. Officer Jackson's responses were that an informant in this case existed.
The Court finds that Officer Jackson's testimony that a confidential CT Page 3531 informant exists is credible. The defendant did not present any evidence to counter the testimony of Officer Jackson or evidence to lead a factfinder to believe that the informant did not exist.
The primary focus of this basis to the Court was mere speculation that an informant may not exist and that the arrest of the defendant was based on other motives. This is not sufficient under our law to mandate disclosure.
Conclusion
The Court, therefore, finds that the defendant did not meet his burden for the Court to require disclosure.
For these reasons, the defendant's motion for disclosure of the identity of the informant on this basis is denied.
Conclusion
Based upon the evidence presented, the defendant has not sustained his burden to require disclosure of the informant. For all of the above-stated reasons, the defendant's motion for disclosure of the informant is denied.
FRANK M. D'ADDABBO, JR., J.